# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:15-cr-161-APG-VCF |
| Plaintiff, | **ORDER REQUIRING SUPPLEMENTAL BRIEFING** |
| v. | |
| JEREMY HIGGINS | [ECF No. 73] |
| Defendant. | |

Defendant Jeremy Higgins moves for early termination of his supervised release. ECF No. 73. The United States Attorney does not oppose, "consistent with the position of the United States Probation Office." ECF No. 74 at 1. However, I have communicated with Probation Officer Flores—who is responsible for supervision of Mr. Higgins—and he reports that the Probation Office has reconsidered and now opposes early termination. Officer Flores points out that Probation Office policy § 360.20 states that a defendant must remain in compliance for at least one year, a condition that Higgins does not meet. It appears that Higgins' last violation was on March 4, 2018, when he failed to report for drug testing. *See* ECF No. 54 at 4.

Modification of supervised release is governed by 18 U.S.C. § 3583(e). Under that statute, I first must consider "the factors set forth in section 3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." After examining the section 3553 factors, I may terminate supervised release "if [I am] satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

Mr. Higgins has had more than a few violations of his conditions of supervised release. That weighs against early termination under the factors set forth in The Judicial Conference on

Criminal Law's Monograph 109, *Supervision of Federal Offenders* § 380.10(b)(1)–(9). *See also United States v. Grossi*, No. CR-04-40127 DLJ, 2011 WL 704364, at *2 (N.D. Cal. Feb. 18, 2011) ("Mere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination.") (citations omitted).

> [E]ven perfect compliance with conditions of release does not qualify as "exceptionally good behavior" warranting early termination. . . . "Model prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination.". . . In *United States v. Medina*, the court found that though defendant's "post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule." 17 F.Supp.2d 245, 247 (S.D.N.Y. 1998). Therefore, a defendant must show something "of an unusual or extraordinary nature" in addition to full compliance.

*United States v. Etheridge*, 999 F. Supp. 2d 192, 196 (D.D.C. 2013) (citations omitted).

I am encouraged that Mr. Higgins appears to have turned things around in his life, that he has stayed clean and out of trouble recently, and that his parents remain supportive. ECF No. 73 at 2. The fact that Mr. Higgins will remain under state supervision pushes me towards termination of federal supervision. However, his motion does not explain how much longer he will remain under state supervision.

In order to allow me to better assess the situation, the parties should submit supplemental briefs. The government should explain whether it still supports early termination despite the Probation Office's opposition. And Mr. Higgins should explain how much longer he will remain on state supervision. Briefs should be submitted by February 22, 2019.

DATED this 8th day of February, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE